**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.S. and J.N.-1**

**No. 25-390** (Ritchie County CC-43-2024-JA-27 and CC-43-2024-JA-28)

**MEMORANDUM DECISION**

Petitioner J.N.-2, the mother of L.S. and custodian of J.N.-1,[1] appeals the Circuit Court of Ritchie County's April 2, 2025, order adjudicating her as an abusing parent, arguing that the court erred in treating her failure to respond as evidence of her culpability.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2024, the DHS filed an abuse and neglect petition alleging that the petitioner failed to protect her daughter, L.S., from sexual and physical abuse by the child's stepfather, D.N., and failed to provide the children with an appropriate and safe home. The DHS alleged that school personnel had questioned L.S. after receiving an alert that a school-issued iPad was used to access inappropriate materials. During this questioning, then-fifteen-year-old L.S. disclosed that D.N. had been sexually abusing her since she was twelve. The DHS alleged that L.S. later reported that, as a result of the sexual abuse, she had twice become pregnant and miscarried and that the petitioner was aware that D.N. had purchased a pregnancy test for L.S. a few weeks prior. Finally, the DHS alleged that L.S. expressed that she did not feel safe at home and that the petitioner had not believed the child's prior disclosure of sexual abuse by other individuals. Following these disclosures, L.S. was examined by a sexual assault nurse examiner ("SANE") and participated in two Child Advocacy Center ("CAC") interviews. At a hearing in January 2025, recordings of the CAC interviews were admitted into evidence based upon the parties' stipulation that the recordings would be admissible even without the forensic interviewer's testimony.[3]

---

[1] The petitioner appears by counsel Allison McClure McManus, who filed the brief in accordance with Rule 10(c)(10)(a) of the West Virginia Rules of Appellate Procedure. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Jessica E. Myers appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because one of the children and the petitioner share the same initials, we refer to them as J.N.-1 and J.N.-2, respectively.

[3] The petitioner did not include recordings of the CAC interviews in the appendix record.

1

The circuit court held an adjudicatory hearing in February 2025, where the petitioner was present and represented by counsel. A Child Protective Services ("CPS") worker testified that she conducted an initial interview of L.S. shortly after the child made her initial disclosures and took the child to the SANE examination and both CAC interviews. During the CAC interviews, L.S. disclosed that she had asked the petitioner and D.N. to take her to the hospital for treatment following at least one of her miscarriages, which did not occur, and stated that she believed it was useless to report the abuse. During questioning by the petitioner's counsel, the worker clarified that she had not personally witnessed evidence of sexual abuse outside of L.S.'s disclosures. The worker also acknowledged that L.S. had a history of mental health issues. However, the CPS worker also noted that L.S. had not recanted her allegations. Following this, the DHS rested its case and, upon being asked by the court, the parties represented that they had no further witnesses or evidence to present.

Based upon the evidence presented, the circuit court found that D.N. sexually abused L.S. and that the petitioner "knew or should have known about the abuse and failed to protect" the child. In support of this conclusion, the court relied upon L.S.'s statements in the CAC interview recordings, wherein she described the sexual abuse by D.N. and the petitioner's lack of action despite being aware that D.N. was purchasing pregnancy tests for the child. The court acknowledged L.S.'s history of behavioral issues but determined that the disclosures were credible and that any behavioral issues were a result of the child's history of abuse. The court also found that neither the petitioner nor D.N. responded to the evidence presented against them and treated their silence as "affirmative evidence of culpability." The court further found that J.N.-1 was "similarly situated" to L.S. due to his regular visitation with D.N.—his father—at the home during the time the abuse occurred. Accordingly, the court adjudicated the petitioner and D.N. as abusing and neglectful parents and L.S. and J.N.-1 as abused and neglected children. It is from the adjudicatory order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a lone assignment of error asserting that the circuit court erred in treating her failure to testify as affirmative evidence of her culpability. The petitioner acknowledges that this Court has consistently held that "where the parent or guardian fails to respond to probative evidence offered against him/her . . . a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." *See* Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996). However, the petitioner contends that, because the DHS did not "attempt to call her as a witness to trigger her silence or failure to respond," it was inappropriate for the circuit court to treat her silence as affirmative evidence of her culpability. We find no merit in this argument. The petitioner cites to no authority in support of her argument that a respondent parent must be called as a witness by the DHS before a court may consider that parent's silence, and, in fact, this Court has affirmed the application of this principle where, as here, the respondent parent was not called to testify as a witness by the DHS. *See, e.g.*, *In re C.C.*, No. 22-898, 2024 WL 1622577, at *4 (W. Va. Apr. 15, 2024) (rejecting the

---

[4] The proceedings below are ongoing. Seventeen-year-old L.S.'s permanency plan is independent living. J.N.-1 is placed with his nonabusing mother.

argument that the circuit court improperly applied the "negative inference" where the petitioner did not testify and the court "asked counsel at the adjudicatory hearing whether any party had additional witnesses to present"); *In re L.T.*, No. 22-840, 2023 WL 6146647, at *2 (W. Va. Sept. 20, 2023) (stating that the circuit court was "permitted to consider" the petitioner's silence "as evidence of culpability" where the petitioner chose not to testify and did not present any witnesses). After the DHS rested its case at the adjudicatory hearing, the circuit court asked counsel whether any party had additional witnesses to present, and the petitioner chose to stay silent in the face of the evidence presented. In light of these circumstances, we find no error in the circuit court's consideration of petitioner's silence at the adjudicatory hearing as evidence of her culpability.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 2, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III